and several. American Guild v. Damon, 186 N. Y. 365, 78 N. E. 1081. It is quite apparent that both parties will require an amendment of their pleadings before the main issue can be properly disposed of.

The judgment and order appealed from will be reversed, and a new trial ordered, with costs to appellant to abide the event.

CLARKE, P. J., and McLAUGHLIN and LAUGHLIN, JJ., concur. SMITH, J., dissents.

---

CHEEVER v. CHEEVER et al.

(Supreme Court, Appellate Division, First Department. February 18, 1916.)

1. POWERS ⬉⟹19—CONSTRUCTION—EXTENT OF POWER GRANTED.
    Where corporate stock was transferred by trust deeds in trust for C. for life, and after his death to be paid over or divided to and among such persons as he might by his last will bequeath it, or such persons as he might by his last will direct or appoint, the powers were general beneficial powers, under which C. was authorized to dispose of the property absolutely by will to any person whomsoever.
    [Ed. Note.—For other cases, see Powers, Cent. Dig. §§ 36–47; Dec. Dig. ⬉⟹19.]

2. POWERS ⬉⟹32—EXECUTION—VALIDITY OF EXECUTION.
    The donee of powers of appointment, which were general beneficial powers authorizing him to dispose of the property absolutely by will to any person whomsoever was authorized to exercise the powers of appointment by creating trusts in the property subject to the powers.
    [Ed. Note.—For other cases, see Powers, Cent. Dig. §§ 104–109, 128–132; Dec. Dig. ⬉⟹32.]

3. WILLS ⬉⟹682—CONSTRUCTION—TRUSTS.
    C.'s father by deed of trust gave 71 shares of stock in a corporation in trust for C. for life with power of appointment. His mother by another deed of trust gave 527 shares of stock in the same corporation in trust for C., with power of appointment. C.'s will gave all of his property to trustees, one-half of the income to be paid to his wife during her life and one-half to a daughter by a former wife during her life; upon the death of the daughter one-half of the trust fund was to be paid to her children and the issue of deceased children, and if she left no issue one half of her share was to be paid to such persons as she might appoint by will, and the other half to such persons as would be entitled thereto if C. died intestate. The daughter was born after the execution of the deed of trust by C.'s father, but before the execution of the trust deed by his mother. *Held* that, while the trust property was to be kept in solido for convenience of investment, the intention of the testator was to create separate trusts for the wife and daughter.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1602, 1607–1611; Dec. Dig. ⬉⟹682.]

4. PERPETUITIES ⬉⟹7—SUSPENSION OF ABSOLUTE OWNERSHIP—TRUSTS.
    The trust in favor of the daughter did not suspend the absolute ownership of personal property beyond two lives in being at the date of the suspension, in violation of Personal Property Law (Consol. Laws, c. 41) § 11, since, while the daughter was not in being when the father's deed of trust was executed, and the trust in her favor would therefore be void if it covered property appointed from the trust created by the father, the will did not specifically provide to which beneficiary the property appointed under each power should go, or apportion the property appointed under each power between the two beneficiaries, and it could not be as-

---

⬉⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

sumed that the testator intended such a division as would invalidate the trusts, and hence the property might be so apportioned that the stock covered by the father's trust deed would be embraced in the trust for the benefit of the wife, who was in being when the father's deed of trust was executed.

[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 48, 54, 55; Dec. Dig. ☞7.]

5. PERPETUITIES ☞7—SUSPENSION OF ABSOLUTE OWNERSHIP—TRUSTS.

No unlawful suspension of the absolute ownership of the property resulted from the power to appoint to further uses given to the daughter.

[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 48, 54, 55; Dec. Dig. ☞7.]

Appeal from Trial Term, New York County.

Action by Ann Cheever against Henry D. Cheever and others. From an adverse judgment, plaintiff appeals. Affirmed.

The opinion of Greenbaum, J., in the court below was as follows:

This action involves the construction of the will of John D. Cheever, deceased. The assets of the estate consist of personal property only. The questions presented arise out of the opposing contentions of the plaintiff, the widow of the testator, and the defendant Gertrude Cheever Porter, daughter and only child of the testator by his first wife, both beneficiaries under the trusts created by the will. It appears that on June 21, 1884, the testator's father executed a trust deed, under which the testator became the life beneficiary of the income of a certain block of corporate stock. The trust deed conferred a power of appointment upon the testator in the following terms: "To pay over and divide the said 250 shares of stock, or the proceeds thereof, to and among such person or persons as the said John D. Cheever may by his last will and testament, duly proved and admitted to probate, give and bequeath the same specifically, or, if the said John D. Cheever should not give and bequeath the same specifically, or should he die intestate, then to pay over and divide the said 250 shares of stock, or the proceeds thereof, to and among those persons who would then be entitled to take the personal estate of the said John D. Cheever according to the laws of the state of New York in cases of intestacy."

On January 4, 1904, testator's mother, Anna D. Cheever, also executed a trust deed, by which she created a trust fund of a certain number of shares of stock, the income to be paid to her son for life, with power of appointment to him in the following terms: "To pay over or divide the said shares of stocks, or the proceeds thereof, to or among such person or persons and in such proportions as the said John D. Cheever may direct or appoint by a last will and testament, duly proved and admitted to probate, or in default of such specific directions or appointment, then to pay over or deliver the said shares of stock, or the proceeds thereof, to or among the person or persons who would be entitled to take the personal estate of the said John D. Cheever under the laws of the state of New York, and in the proportion prescribed by such laws in case he died intestate."

The will of the decedent in paragraph "sixth" thereof gave all the residue and remainder of his estate and all the property of which he had the power of disposition under the two trusts above described to trustees upon certain trusts, thereinafter declared as follows:

"I direct that one-half of all the profits, interest and income of said trust estate or fund, as the same shall be received by my said trustees, after deducting their expenses, commissions and disbursements, shall, during the life of my daughter, Gertrude G. Cheever, be paid by said executors and trustees to my said daughter, and the remaining half to be paid to my wife, Ann Cheever, during her life. *  *  * "

"Tenth. Upon the death of my said daughter, Gertrude G. Cheever, leaving issue or descendants her surviving, I give, devise and bequeath and direct

my said executors and trustees to divide and distribute one-half of the entire principal of said trust fund or estate, share and share alike, to and among the said children of my said daughter then living, and to and among the lawful issue of any child or children of my said daughter then dead, per stirpes and not per capita, so that the lawful issue of any dead child shall together receive the share of such deceased child.

"Eleventh. Upon the death of my said daughter, Gertrude G. Cheever, leaving no issue or descendants her surviving, I will and direct that one-half part of the principal of her share of said trust fund or estate shall be paid and given to such person or persons and in such proportions as my said daughter may direct or appoint by her last will and testament duly proved, and that all the remainder of her share of such trust fund or estate, and in default of such direction or appointment, the whole thereof, shall be paid and given in the same proportions and to the same persons who would have been entitled to the same in case I had died intestate.

"Twelfth. Upon the death of my wife, Ann Cheever, leaving a child or children of our bodies, or descendants of such child or children her surviving, I give, devise and bequeath one-half of the entire principal of said trust fund or estate, share and share alike, to said child or children of our bodies, then living, and to the lawful issue of any such child or children then dead, per stirpes and not per capita, so that the lawful issue of any dead child shall together receive the share of such dead child.

"Thirteenth. Upon the death of my said wife, Ann Cheever, leaving no child or children of our bodies, or descendants of such child or children surviving, I hereby give, devise and bequeath half of the principal of said trust fund or estate to my said daughter, Gertrude G. Cheever, if living, otherwise to her heirs at law."

Plaintiff contends that these provisions of the will are void, so far as it is sought thereby to exercise the powers of appointment under the trust deeds. It is claimed that the testator had no authority to exercise his powers of appointment by creating under his will a trust of the property conveyed under the trust deeds and that he had no authority to confer upon his daughter a power of appointment in respect of such property. It is further claimed that the attempted exercise of the powers operates to suspend the absolute ownership of this property for a longer period than during the continuance and until the termination of two lives in being at the time of the creation of the respective powers.

[1, 2] The defendant Gertrude Cheever Porter was born after the execution of her grandfather's deed of trust and before that of her grandmother's trust deed. The property covered by the deed of trust of June, 1884, consists of 71 shares of the stock of the Okonite Company and that covered by the deed of trust of January, 1904, of 527 shares of the stock of the same company. The powers of appointment given in each deed of trust are substantially alike, and are general beneficial powers under which the grantee was authorized to dispose absolutely by will of the property embraced in the trust deeds to any person whomsoever. Cutting v. Cutting, 86 N. Y. 522.

In Sugden on Powers (3d Am. Ed.) c. 40, p. 535, it is said "that although the power must not be exceeded, nor its directions evaded, yet where there is no prohibition, everything which is legal and within the limits of the authority should be supported, and therefore that the power to appoint a fee, but with no prohibition against giving a less estate, ought to be held to authorize any legal limitation within the scope of the power which may be served out of the fee."

In Butler v. Heustis, 68 Ill. 594, 18 Am. Rep. 589, it is said: "The law seems to be well settled by authority, where a party has the power to appoint a fee, if there are no words of positive restriction a less estate may be appointed." The same principle is laid down in Beardsley v. Hotchkiss, 96 N. Y. 201, 218, 219, and Lawrence's Estate, 136 Pa. 354, 20 Atl. 521, 11 L. R. A. 85, 20 Am. St. Rep. 925.

The arguments of the learned counsel for the plaintiff are applicable to limited or special powers. It follows that the powers of appointment were validly exercised by the creation of the trusts under the will of John D. Cheever.

[3] Coming now to the consideration of the trust provisions of the will, it is evident that they must be held valid if two distinct trusts were created thereunder, one during the life of the plaintiff and the other during the life of Mrs. Porter, and if no portion of the property appointed by the decedent's will under the deed of trust created by decedent's father is necessarily embraced within the trust measured by the life of Mrs. Porter. The will in effect provides that the trust property be kept in solido for convenience of investment, the income being given in two equal shares, one to plaintiff and the other to defendant Mrs. Porter, and each half of the principal being liberated upon the death of the life beneficiaries and disposed of in the manner provided in the paragraphs of the will above set forth. The conclusion is therefore irresistible that the intention of the testator was to create separate trusts. Moreover, this case cannot well be distinguished in principle from Leach v. Godwin, 198 N. Y. 35, 91 N. E. 288; Schermerhorn v. Cotting, 131 N. Y. 48, 29 N. E. 980.

[4] We may now inquire whether these separate trusts violate section 11 of the Personal Property Law, in that they suspend the absolute ownership of personal property beyond two lives in being at the date when the power was created under the deed of trust of John D. Cheever in 1884. There can be no doubt that, if a portion of the fund to be held in trust for the life of Mrs. Porter under the will consists of property appointed from the trust created by the decedent's father in 1884, the trust must be declared void, since she was not in being at that date. Fargo v. Squiers, 154 N. Y. 250, 259, 48 N. E. 509. The will, however, does not specifically provide to which beneficiary the property appointed under each power shall go, nor does it apportion the property appointed under each power between the two beneficiaries. It provides that each beneficiary shall receive the income of one-half the entire fund, and that each half of the principal thereof shall be disposed of in the manner heretofore stated. It is not to be assumed that the testator intended to defeat his obvious purpose of establishing two separate trusts by a division which would invalidate them. The shares of stock held in trust under each trust deed can conveniently and readily be apportioned, so that the 71 shares of the John D. Cheever trust will be embraced in the trust created under the will for the benefit of the plaintiff, who was in esse in 1884. This would leave the trust fund for the benefit of Mrs. Porter wholly made up of the shares of stock derived from Anna D. Cheever's trust, which was created in 1904, when Mrs. Porter was in being. Such an apportionment would fall within the spirit of the rule adopted in Fargo v. Squiers, supra.

[5] With respect to the contention that an unlawful suspension may result under the power to appoint to further uses, given under the will to Mrs. Porter, the testator's daughter, it is sufficient to refer to Hillen v. Iselin, 144 N. Y. 365, 39 N. E. 368, which is direct authority for the proposition that such a power does not offend the statute against perpetuities. The power conferred under the will upon Mrs. Porter to appoint to further uses was clearly valid. Frear v. Pugsley, 9 Misc. Rep. 316, 30 N. Y. Supp. 149; Thayer v. Rivers, 179 Mass. 280, 289, 60 N. E. 796; 4 Cruise on Real Property (Greenleaf's Ed.), p. 263; Crooke v. County of Kings, 97 N. Y. 421.

Judgment accordingly.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and PAGE, JJ.

W. P. S. Melvin, of New York City, for appellant.
E. W. Walker, of New York City, for respondents.

PER CURIAM. Judgment affirmed, with costs, on opinion of Greenbaum, J. Order filed.